**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-CV-22352-RAR/LOUIS**

CHAUNZ SWANN,

      Plaintiff,

v.

NATIONWIDE MUTUAL INSURANCE COMPANY,

      Defendant.

_____/

## ORDER AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION

**THIS CAUSE** comes before the Court upon Magistrate Judge Lauren F. Louis's Report and Recommendation ("Report"), [ECF No. 63], filed on April 14, 2026. The Report recommends that the Court grant Defendant's Motion to Stay ("Motion"), [ECF No. 59]. *See* Report at 2. Specifically, the Report recommends that the Court vacate the Trial Scheduling Order, reset the deadline for the parties to file motions for summary judgment to June 12, 2026, and stay all trial-related deadlines in this matter pending resolution of summary judgment. *Id.* The time for objections has passed, and there are no objections to the Report. *Id.* at 2 n.2.

When a magistrate judge's "disposition" has been properly objected to, district courts must review the disposition *de novo*. FED. R. CIV. P. 72(b)(3). When no party has timely objected, however, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's note to 1983 addition (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged Congress's intent was to only require a *de novo* review where objections have been properly filed—not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate[]

[judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

To date, no objections have been received. Thus, the Court considers it appropriate to review the Report for clear error. Finding none after carefully reviewing the Motion, the Report, the factual record, the applicable law, and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** as follows:

1.     The Report, [ECF No. 63], is **AFFIRMED AND ADOPTED**.

2.     Defendant's Motion to Stay, [ECF No. 59], is **GRANTED**.

3.     The Scheduling Order, [ECF No. 15], is hereby **VACATED** and the parties shall adhere to the following revised deadlines:

> **May 29, 2026**. All discovery, including expert discovery, shall be completed.

> **June 12, 2026**. The parties shall file motions for summary judgment.

4.     This case is **stayed** and **administratively closed** pending adjudication of any forthcoming motion(s) for summary judgment. Upon resolution of any forthcoming motion(s) for summary judgment, the Court, if necessary, will issue a revised Scheduling Order, restore the case to the active docket, and reset this matter for trial.

5.     Defendant's Motion for Summary Judgment, [ECF No. 55], is **DENIED** *without prejudice* **and with leave to refile.**

**DONE AND ORDERED** in Miami, Florida, this 20th day of April, 2026.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

cc:    Chaunz Swann
1732 NW 185th Ter
Miami Gardens, FL 33056
PRO SE